HOLADAY; STATE OF OHIO, DEPARTMENT OF HUMAN SERVICES, APPELLANT, *v.* BETHESDA HOSPITAL ET AL., APPELLEES.

(No. C-850121— Decided January 15, 1986.)

*Kendra L. Daugherty,* for Susan Holaday.

*Anthony J. Celebrezze, Jr.,* attorney general, *Douglas C. Jones* and *Shirley A. Cochran,* for appellant.

*McIntosh, McIntosh & Knabe* and *Bruce B. McIntosh,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Pursuant to the granting of a motion for leave to intervene in the trial court action for medical malpractice, the Ohio Department of Human Services filed a complaint against appellees and a cross-claim against plaintiff Holaday. The department sought reimbursement for payments for medical services rendered to Holaday. A motion for summary judgment was thereafter filed by appellees, on the claim of the department, which the trial court granted. Appellant has timely appealed.

Appellant's single assignment of error alleges error in granting the motion for summary judgment and sets forth thereunder three arguments:

"1. Consideration of Medicaid benefits as a collateral source to reduce an award in a medical claim pursuant to O.R.C. Section 2305.27 violates the right to equal protection of laws as it is grounded in a classification based upon wealth.

"2. The Department of Human Services is not an indemnitor of the recipi-

ents of Medicaid benefits, excluding the department from consideration of the language in O.R.C. § 2305.27 denying subrogation to sources of indemnity.

"O.R.C. § 5101.58 expressly provides for subrogation to the Department of Human Services against the provider of medical services and care as required by O.R.C. § 2305.27."

R.C. 2305.27 provides:

"Except as provided in section 2743.02 of the Revised Code, in any medical claim, as defined in division (D) of section 2305.11 of the Revised Code, an award of damages shall not be reduced by insurance proceeds or payments or other benefits paid under any insurance policy or contract where the premium or cost of such insurance policy or contract was paid either by or for the person who has obtained the award, or by his employer, or both, or by direct payments from his employer, but shall be reduced by any other collateral recovery for medical and hospital care, custodial care or rehabilitation services, and loss of earned income. Unless otherwise expressly provided by statute, a col-

lateral source of indemnity shall not be subrogated to the claimant against a physician, podiatrist, or hospital."

R.C. 2305.27 was apparently intended to deal with a perceived medical malpractice crisis. In effect, the section denies double recovery to a person by precluding him from receiving medical benefits not funded by him or his employer and then recovering those same medical costs from a defendant found to have caused the damage. Appellant argues that R.C. 2305.27 violates the right to equal protection of the laws as it creates an unconstitutional classification based on wealth. Appellant points out that Susan Holaday is in a class of persons who cannot afford private medical insurance and do not work, thereby precluding insurance provided by an employer; yet, they have the responsibility to reimburse the department for benefits paid through the Medicaid system pursuant to R.C. 5111.33.

Appellant further argues that the department is subrogated to the recipient of department Medicaid benefits under R.C. 5101.58.[1]

---

[1] R.C. 5101.58 provides:

"The acceptance of aid pursuant to sections 5107.02 to 5107.15, Chapter 5111., or Chapter 5113. of the Revised Code gives a right of subrogation to the department of public welfare and the department of welfare of any county against the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of the recipient. When an action or claim is brought against a third party by a recipient of aid under sections 5107.02 to 5107.15, Chapter 5111., or Chapter 5113. of the Revised Code, the entire amount of any settlement or compromise of the action or claim, or any court award or judgment is subject to the subrogation right of the department of public welfare or the department of welfare of any county. The department's subrogated claim shall not exceed the amount of medical expenses paid by the departments on behalf of the recipient. Any settlement, compromise,

judgment, or award that excludes the cost of medical services or care shall not preclude the departments from enforcing their rights under this section.

"Prior to initiating any recovery action, the recipient or his representative shall disclose the identity of any third party against whom the recipient has or may have a right of recovery. Disclosure shall be made to the department of public welfare when medical expenses have been paid pursuant to sections 5107.02 to 5107.15 or Chapter 5111. of the Revised Code. Disclosure shall be made to both the department of public welfare and the appropriate county welfare department when medical expenses have been paid pursuant to Chapter 5113. of the Revised Code. No settlement, compromise, judgment, or award or any recovery in any action or claim by a recipient where the departments have a right of subrogation shall be made final without first giving the appropriate departments

At the outset, we recognize that appellant's equal protection argument has arguable facial validity. In this vein we note that the Kansas Supreme Court in *Wentling* v. *Medical Anesthesia Services* (1985), 237 Kan. 503, 701 P.2d 939, has recently declared legislation similar to R.C. 2305.27 to be an equal protection violation, stating the distinctions inherent in the statute do not further the goals of cost reduction of medical malpractice insurance and limitation of the size of medical malpractice verdicts. We further recognize that R.C. 2305.27 has a harsh and seemingly illogical effect on Holaday who must repay the medical benefits extended by the department, but is precluded from recovering the same expenses from appellees who may be responsible for the expenses. The

Ohio Supreme Court in *Beatty* v. *Akron City Hosp.* (1981), 67 Ohio St. 2d 483, 497 [21 O.O.3d 302], stated that "the General Assembly recognized that a crisis existed in the health care delivery field in Ohio" and "the General Assembly had a legitimate interest in such subject of crisis * * * and, in fact, had a duty to exercise its legislative discretion * * *." We therefore hold that R.C. 2305.27 represents a rational response by the General Assembly to a compelling state interest in the malpractice crisis and is therefore constitutional. See *Denicola* v. *Providence Hosp.* (1979), 57 Ohio St. 2d 115 [11 O.O.3d 290].

Appellant's second argument, alleging that R.C. 2305.27 is inapplicable to the department for the reason that the

---

notice and a reasonable opportunity to perfect their rights of subrogation. If the departments are not given appropriate notice, the recipient is liable to reimburse the departments for the recovery received to the extent of medical payments made by the departments. The departments shall be permitted to enforce their subrogation rights against the third party even though they accepted prior payments in discharge of their rights under this section if, at the time the departments received such payments, they were not aware that additional medical expenses had been incurred but had not yet been paid by the departments. The third party becomes liable to the department of public welfare or county department of welfare as soon as the third party is notified in writing of the valid claims for subrogation under this section.

"Subrogation does not apply to that portion of any judgment, award, settlement, or compromise of a claim, to the extent of attorneys' fees, costs, or other expenses incurred by a recipient in securing the judgment, award, settlement, or compromise, or to the extent of medical, surgical, and hospital expenses paid by such recipient from his own resources. Attorney fees and costs of other expenses in securing any recovery shall not be assessed against any 'subrogated claims of the departments.

"To enforce their subrogation rights, the departments may do any of the following:

"(A) Intervene or join in any action or proceeding brought by the recipient or on his behalf against any third party who may be liable for the cost of medical services and care arising out of the recipient's injury, disease, or disability;

"(B) Institute and pursue legal proceedings against any third party who may be liable for the cost of medical services and care arising out of the recipient's injury, disease, or disability;

"(C) Initiate legal proceedings in conjunction with the injured, diseased, or disabled recipient or his legal representative.

"Subrogation rights created by this section may be enforced separately or jointly by the department of public welfare and the county welfare department.

"The right of subrogation given to the department under this section does not include rights to support from any other person assigned to the state under sections 5107.07 and 5113.04 of the Revised Code, but includes payments made by a third party under contract with a person having a duty to support."

department is not an indemnitor, has no merit. We view the department to be an indemnitor in the broad sense as used in R.C. 2305.27 as being one who provides compensation for incurred medical services or medical support to eligible recipients. The provision for such compensation is made by statute. In our view the statutory provision creates an implied contract for such compensation as between the department and an eligible recipient. Additionally, if the department were a mere volunteer in responding to the medical services' debt of the recipient, the department's claim of subrogation would be defeated.

Appellant's third and final argument, postulating that R.C. 5101.58 expressly provides for the subrogation of the department in the instant matter, poses the greatest problem to this court. The current version of R.C. 5101.58 has been in effect for some five years after current R.C. 2305.27 was last amended. We recognize that the plain meaning of R.C. 5101.58 arguably encompasses the department's subrogation position in the matter *sub judice*. It occurs to us that it very logically should encompass the department's position. Certainly the evil of double recovery by the recipient, the reason behind R.C. 2305.27, would be eliminated under the mandate of R.C 5101.58. We are constrained however in our decision by the provisions of R.C. 1.51:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."

We must agree with the trial court that R.C. 2305.27 is a special provision and that R.C. 5101.58 is a general provision which obviously conflict. We deem the conflict between the provisions to be irreconcilable. Further, we find no manifest intent therein that the later enacted general provision is to prevail. We point out that had the legislature intended R.C. 5101.58 to prevail it could have manifested its intent either by stating that medical malpractice was included within the section or by including R.C. 2305.27 by number within R.C. 5101.58. Thus, we reluctantly overrule appellant's assignment of error and affirm the trial court's granting of appellees' motion for summary judgment.

*Judgment affirmed.*

SHANNON, P.J., DOAN and KLUS-MEIER, JJ., concur.