**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 485.]**

LAYMAN ET AL.; OHIO DEPARTMENT OF HUMAN SERVICES, APPELLEE, *v*. WOO

ET AL., APPELLANTS.

[Cite as *Layman v. Woo*, 1997-Ohio-195.]

*Medical malpractice—Statutory construction—R.C. 5101.58 is an exception to former R.C. 2305.27.*

(No. 96-390—Submitted March 19, 1997—Decided May 28, 1997.)

APPEAL from the Court of Appeals for Ashtabula County, No. 95-A-0036.

————————————

{¶ 1} On November 29, 1993, plaintiff Natalie Layman, the mother and guardian of Matthew Layman, filed a medical malpractice complaint in the Ashtabula County Court of Common Pleas against defendant-appellants, C.K. Woo and Ashtabula County Medical Center.[1]  In count one of the complaint, plaintiff alleged that the defendants were negligent in delivering her son and that their negligence proximately caused him to sustain profound mental retardation and severe physical handicaps.  Plaintiff sought compensatory damages, including future custodial care expenses for Matthew.  In count two of the complaint, plaintiff, along with her husband, Kevin Layman, set forth a loss-of-consortium claim.  In this count, they also sought past and future medical damages but later struck this claim.

{¶ 2} After the lawsuit was filed, appellee, Ohio Department of Human Services ("ODHS"), sought reimbursement for the money it had expended through Medicaid for Matthew's medical care.  ODHS filed a complaint in intervention, asserting a right of subrogation pursuant to R.C. 5101.58 against defendants and a

_____

1.  Plaintiffs dismissed other parties named in the complaint from the lawsuit prior to trial.

cross-claim against plaintiff for reimbursement of past and future medical benefits it had provided for Matthew Layman.

**{¶ 3}** Plaintiffs filed a motion to dismiss ODHS's complaint and cross-claim. Plaintiffs relied upon cases interpreting R.C. 2305.27 and argued that ODHS could not recover Medicaid payments it had expended on Matthew's behalf. Additionally, plaintiffs said there was no right to subrogation because they had struck their claim for past and future medical expenses. ODHS filed a memorandum in opposition to plaintiffs' motion to dismiss. ODHS argued *inter alia* that R.C. 5101.58 provides the department with a statutory right to subrogation and is an exception to R.C. 2305.27.

**{¶ 4}** On the first day of trial, the court orally granted plaintiffs' motion to dismiss ODHS's complaint in intervention. The case proceeded without ODHS as a party. The jury returned a verdict for the plaintiffs, but prior to the jury's determining the amount of damages, the plaintiffs reached a settlement with defendants on the amount. The parties subsequently filed a notice of dismissal. An entry granting plaintiffs' motion to dismiss ODHS was later journalized.

**{¶ 5}** ODHS appealed the trial court's dismissal of its complaint in intervention. The court of appeals reversed the trial court's dismissal of ODHS's complaint and remanded the cause. According to the court of appeals, R.C. 5101.58 expressly provides ODHS with a right of subrogation.

**{¶ 6}** The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Betty D. Montgomery*, Attorney General, and *Robert J. Byrne*, Assistant Attorney General, for appellee Ohio Department of Human Services.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Elizabeth E. Baer, Janis L. Small, Donald H. Switzer* and *Joseph A. Farchione, Jr.,* for appellants.

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 7} In this case, we are asked to determine whether ODHS has a right of subrogation against defendants in a medical malpractice lawsuit for Medicaid benefits it expended on behalf of an injured plaintiff.

{¶ 8} Appellants contend that R.C. 2305.27 prohibits ODHS from recovering Medicaid benefits from a defendant found negligent in a medical malpractice lawsuit. R.C. 2305.27, which has since been repealed by 1996 Am.Sub.H.B. No. 350,[2] provided:

"Except as provided in section 2743.02 of the Revised Code, in any medical claim, as defined in division (D) of section 2305.11 of the Revised Code, an award of damages shall not be reduced by insurance proceeds or payments or other benefits paid under any insurance policy or contract where the premium or cost of such insurance policy or contract was paid either by or for the person who has obtained the award, or by his employer, or both, or by direct payments from his employer, but shall be reduced by any collateral recovery for medical and hospital care, custodial care or rehabilitation services, and loss of earned income. *Unless otherwise expressly provided by statute, a collateral source of indemnity shall not be subrogated to the claimant against a physician, podiatrist, or hospital*." (Emphasis added.)

{¶ 9} Appellee ODHS concedes that R.C. 2305.27 bars some subrogation. However, in relying upon the last sentence of R.C. 2305.27, appellee argues that there may be statutory exceptions to the general rule that collateral sources not be subrogated. Appellee maintains that R.C. 5101.58 is such an exception to R.C. 2305.27. R.C. 5101.58 states:

---

2. R.C. 2305.27 was repealed effective January 27, 1997. 1996 Am.Sub.H.B. No. 350 also amended R.C. 2317.45, which discusses collateral benefits in tort actions.

"The acceptance of aid pursuant to Chapter 5107., 5111., or 5115. of the Revised Code gives a right of subrogation to the department of human services of any county against the liability of a third party for the cost of medical services and care arising out of injury, disease, or disability of the recipient.  ***"

{¶ 10} It is a basic principle of statutory construction that unless a different intention appears in a statute, words in a statute shall be construed in their ordinary and natural meaning to effectuate the intent of the legislature.  *State ex rel. Gareau v. Stillman* (1969), 18 Ohio St.2d 63, 47 O.O.2d 187, 247 N.E.2d 461.  Thus, when construing a statute, "none of the language employed therein should be disregarded ***."  *Carter v. Youngstown Div. of Water* (1946), 146 Ohio St. 203, 32 O.O.184, 65 N.E.2d 63, paragraph one of the syllabus.

{¶ 11} In applying these principles of statutory construction, we find that R.C. 2305.27 permits subrogation against a physician, podiatrist, or hospital if a statute expressly provides for a right of subrogation.  The inclusion of the words "[u]nless otherwise expressly provided by statute" in R.C. 2305.27 reveals that the legislature intended that there could be statutory exceptions to the statute's bar against subrogation.  R.C. 5101.58 is a statute which "otherwise expressly provide[s]" for a right to subrogation to a department of human services.  Therefore, R.C. 5101.58 is an exception to R.C. 2305.27.

{¶ 12} Appellants, however, believe that these two statutes conflict and that R.C. 2305.27 prevails over R.C. 5101.58.  In making this argument, appellants rely primarily upon the appellate court decision of *Holaday v. Bethesda Hosp.* (1986), 29 Ohio App.3d 347, 29 OBR 475, 505 N.E.2d 1003.  In *Holaday*, ODHS sought reimbursement for medical services rendered to the plaintiff.  The trial court held, in part, that the Ohio Department of Human Services may not be subrogated to a claimant against a physician, podiatrist or hospital.  In reaching its determination, the court relied upon R.C. 1.51, which provides:  "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect

is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." Thus, the court reasoned:

"We must agree with the trial court that R.C. 2305.27 is a special provision and that R.C. 5101.58 is a general provision which obviously conflict. We deem the conflict between the provisions to be irreconcilable. Further, we find no manifest intent therein that the later enacted general provision is to prevail. We point out that had the legislature intended R.C. 5101.58 to prevail it could have manifested its intent either by stating that medical malpractice was included within the section or by including R.C. 2305.27 by number within R.C. 5101.58." *Id.* at 350, 29 OBR at 479, 505 N.E.2d at 1006-1007.

{¶ 13} We believe the court's focus and reasoning in the *Holaday* decision is misplaced.[3] In holding that R.C. 5101.58 irreconcilably conflicts with R.C. 2305.27, the *Holaday* court failed to consider the specific language of R.C. 2305.27 that states that "*[u]nless* otherwise expressly provided by statute" a collateral source shall not be subrogated. (Emphasis added.) In giving plain meaning to these words, we find no conflict between the statutes. Accordingly, pursuant to R.C. 5101.58 a department of human services may assert a right of subrogation to recover Medicaid benefits against defendants in a medical malpractice lawsuit.

{¶ 14} Appellants also argue that since the plaintiffs withdrew all claims for past and future medical expenses, ODHS is prohibited from recovering Medicaid benefits under R.C. 5101.58. Appellants contend that since a claim for subrogation

---

3. Appellants also cite *Hodge v. Middletown Hosp. Assn.* (1991), 62 Ohio St.3d 236, 239-240, 581 N.E.2d 529, 532, in urging that we apply the *Holaday* decision. Although we briefly discussed *Holaday*, we neither approved nor disapproved of it in *Hodge*. We simply distinguished Medicare Part A benefits (at issue in *Hodge*) from Medicaid benefits (which were involved in *Holaday*) and held that Medicare Part A benefits fall under the definition of "insurance" and do not reduce medical malpractice damage awards.

is derivative in nature (see *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.* [1989], 42 Ohio St.3d 40, 42, 537 N.E.2d 624, 628), any right ODHS had terminated when the plaintiffs withdrew the claim for past and future medical expenses.  This, too, is a false argument.  The fact that this claim was withdrawn is of no significance.  Under R.C. 5101.58, ODHS, as the real party in interest, still has the right to intervene or join in an action to enforce its subrogation interests. Consequently, ODHS is not affected by the plaintiffs' withdrawal of their claim for past and future medical damages.

{¶ 15} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____