ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Appellees,

v.

BERDYCK et al., Appellants.

[Cite as *St. Paul Fire & Marine Ins. Co. v. Berdyck* (1999), 132 Ohio App.3d 652.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–98–025.

Decided March 5, 1999.

*Betty D. Montgomery,* Attorney General, and *Robert J. Byrne,* Assistant Attorney General, for appellees.

*Jack M. Lenavitt* and *Joseph A. Battani,* for appellants.

HANDWORK, Presiding Judge.

This accelerated appeal is from the June 11, 1998 judgment of the Ottawa County Court of Common Pleas, which granted summary judgment to appellee, the Ohio Department of Human Services. On appeal, appellants, Donna Berdyck and Jack M. Lenavitt, and Jack M. Lenavitt, L.P.A., assert the following sole assignment of error:

"The trial court erred in granting summary judgment in favor of appellee and in finding that appellee was entitled to the entire sum of the amount in controversy."

In 1994, Berdyck was awarded a $1.5 million judgment against the H.B. Magruder Memorial Hospital ("hospital") in a medical malpractice action. See *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 613 N.E.2d 1014. Berdyck settled her related medical malpractice claims against S.G. Shinde, M.D., for $600,000. The court first reduced the $1.5 million award by the $600,000 settlement. Later,

the court further reduced the judgment by $23,158.86, the amount of Berdyck's medical bills that had been paid by the Ohio Department of Human Services. That order was overturned on appeal, however, because the court altered the judgment after final judgment had been entered in the case. *Berdyck v. Shinde* (Mar. 29, 1996), Ottawa App. No. OT–95–018, unreported, 1996 WL 139551.

On January 20, 1998, appellees, the St. Paul Fire & Marine Insurance Company, the hospital's insurer, and the hospital, filed a complaint for interpleader against appellants, Donna Berdyck, Jack M. Lenavitt, individually, and Jack M. Lenavitt, L.P.A., and the Ohio Department of Human Services. Appellees brought this action to determine which party was entitled to the $23,158.86, plus interest, portion of the judgment.

Appellees, Berdyck, Lenavitt, and Jack M. Lenavitt, L.P.A., moved to dismiss the complaint under Civ.R. 12(B)(6) on the ground that the Ohio Department of Human Services is not entitled to subrogation because it did not timely file to intervene. Appellant, the Ohio Department of Human Services, opposed the motion. Because the issues raised in the motion and memorandum in opposition involved matters outside the pleadings, the court gave the parties the opportunity to file motions for summary judgment under Civ.R. 12(B).

The Ohio Department of Human Services filed its motion alleging that it was entitled to judgment as a matter of law because it has a right of subrogation under R.C. 5101.58 when it paid Berdyck's medical bills. Appellants also moved for summary judgment on the ground that Berdyck's attorney fees and costs exceed the amount the Ohio Department of Human Services claims it is entitled to receive.

By a journal entry dated June 11, 1998, the court granted the motion of the Ohio Department of Human Services and denied appellants' motion. The court held that R.C. 5101.58 entitles the Ohio Department of Human Services to subrogation and that its claim cannot be reduced by attorney fees and costs.

Pursuant to Civ.R. 56(C), summary judgment is appropriate when "(1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party." *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. There are no disputed facts in this case, and the issue presented is solely a question of law.

■ Under Civ.R. 22, a third party who may be liable to the Ohio Department of Human Services for the medical services and care paid for by the department on behalf of the recipient, whose injuries were proximately caused by the third

party, may file an action in interpleader. In the interpleader action, the rights of the recipient and the subrogation rights of the Ohio Department of Human Services will be settled. The function of an action for interpleader is to " * * * expedite the settlement of claims to the same subject matter, prevent multiplicity of suits, with the attendant delay and added expense, and to provide for the prompt administration of justice." *Sharp v. Shelby Mut. Ins. Co.* (1968), 15 Ohio St.2d 134, 144, 44 O.O.2d 126, 132, 239 N.E.2d 49, 56.

In this case, the parties on appeal do not dispute the subrogation rights of the department. The only issue presented on appeal is whether the department can recover the entire amount of medical care and services it paid or whether it must have that amount reduced by the costs of litigation and attorney fees.

The controlling statute in this case is former R.C. 5101.58, effective July 26, 1991, which reads:

"Subrogation does not apply to that portion of any judgment, award, settlement, or compromise of a claim, to the extent of attorneys' fees, costs, or other expenses incurred by a recipient in securing the judgment, award, settlement, or compromise, or to the extent of medical, surgical, and hospital expenses paid by such recipient from his own resources. Attorney fees and costs or other expenses in securing the recovery shall not be assessed against any subrogated claims of the departments."

Appellant interprets the first clause of this statutory section as providing for the reduction of the subrogated claim by the amount of attorney fees and legal expenses. We disagree. When the statutory section is read as a whole, it clearly states that only the Ohio Department of Human Services has no subrogation right as to any portion of the judgment, which reflects a recovery of attorney fees, costs, or expenses or a recovery of medical expenses that the recipient himself paid. Another appellate court has reached the same result on equitable grounds. *Padgett v. Dept. Pub. Welfare* (1979), 65 Ohio App.2d 96, 13 O.O.3d 114, 416 N.E.2d 639. In this case, the judgment did not include the recovery of attorney fees and costs. Therefore, we find that the trial court did not err when it determined that the Ohio Department of Human Services' claim should not be reduced by the amount of appellant Berdyck's attorney fees and legal expenses.

Appellants also contend that it would be unfair to permit the Ohio Department of Human Services to recover when the original verdict was awarded in 1994 and its right to subrogation was not clear until 1997. Appellant contends that recovery is only possible because the hospital and insurance company wrongfully withheld payment of the entire verdict in 1994.

In 1994, when the original judgment was entered against the hospital, the Hamilton County appellate court had held that the Ohio Department of Human

Services could not be subrogated to the recipient against a hospital pursuant to R.C. 2305.27. R.C. 2305.27, as a special provision, was deemed to control over R.C. 5101.58, a general provision. *Holaday v. Bethesda Hosp.* (1986), 29 Ohio App.3d 347, 29 OBR 475, 505 N.E.2d 1003, disapproved by *Layman v. Woo* (1997), 78 Ohio St.3d 485, 678 N.E.2d 1217. Former R.C. 2305.27 (that was repealed by 1996 Am.Sub.H.B. No. 350, effective January 27, 1997) provided:

"Except as provided in section 2743.02 of the Revised Code, in any medical claim, as defined in division (D) of section 2305.11 of the Revised Code, an award of damages shall. not be reduced by insurance proceeds or payments or other benefits paid under any insurance policy or contract where the premium or cost of such insurance policy or contract was paid either by or for the person who has obtained the award, or by his employer, or both, or by direct payments from his employer, but shall be reduced by any collateral recovery for medical and hospital care, custodial care or rehabilitation services, and loss of earned income. *Unless otherwise expressly provided by statute, a collateral source of indemnity shall not be subrogated to the claimant against a physician, podiatrist, or hospital.*" (Emphasis added.)

After the statute had been repealed, the Ohio Supreme Court was presented with this same issue. *Layman, supra.* Considering the relationship between former R.C. 2305.27 and R.C. 5101.58, the Ohio Supreme Court concluded that R.C. 5101.58 is an exception to former R.C. 2305.27 because of the last sentence of former R.C. 2305.27.

Therefore, appellants' argument that it would have prevailed in 1994 is erroneous. While the *Holaday* case held that the Ohio Department of Human Services did not have a right of subrogation in a medical malpractice case, its reasoning was flawed. This court was not bound in 1994 to follow the holding in the *Holaday* case. S.Ct.R.Rep.Op. 2(G)(2).

Wherefore, we find appellant's sole assignment of error not well taken.

Having found that the trial court did not commit error prejudicial to appellants, we affirm the judgment of the Ottawa County Court of Common Pleas. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.

*Judgment affirmed.*

SHERCK and KNEPPER, JJ., concur.