[Cite as *Jamison v. Stark Cty. Bd. of Commrs.*, 2014-Ohio-4906.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| JESSICA L. JAMISON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014CA00044 |
| BOARD OF STARK COUNTY | : |  |
| COMMISSIONERS, ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
Common Pleas, Case No. 2013CV01528

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 3, 2014

APPEARANCES:

For Plaintiff-Appellant                    For Defendants-Appellees

DAVID SPALDING                         RICHARD NICODEMO
157 Wilbur Drive N.E.                    ROSS RHODES
North Canton, OH  44720              110 Central Plaza South, Suite 510
                                                      Canton, OH  44702

*Gwin, P.J.*

{¶1}   Appellant appeals the September 24, 2013 judgment entry of the Stark County Common Pleas Court granting appellees' motions for summary judgment.

*Facts & Procedural History*

{¶2}   In February of 2013, appellant Jessica Jamison ("Jamison") began doing volunteer work at the Stark County Dog Pound in order to fulfill one of the requirements for a class she was taking at Mount Union College.  On March 7, 2013, appellant selected a pit bull being housed at the dog pound for a training exercise.  Appellant was bitten by the pit bull during a "clicker training" exercise.

{¶3}   Appellant filed a complaint on June 6, 2013, alleging several causes of action.  In Count I, appellant moves for declaratory judgment as to the liability of appellee Stark County Board of Commissioners ("Board") and Stark County Dog Warden's Department as to whether R.C. 955.28(B) imposes strict liability on the Board and a finding that said statute does not contain an exception for governmental or sovereign immunity.  In Count II of appellant's complaint, appellant seeks declaratory judgment as to the strict liability of appellees Reagan Tetreault ("Tetreault") and Jane Doe pursuant to R.C. 955.28(B) as keepers and/or harborers of the pit bull at the time of the incident.  In Count III, appellant alleges that the actions of the appellees in permitting appellant to be exposed to the pit bull while performing her volunteer work at the dog pound was in bad faith and constituted wanton and/or reckless conduct.  In Count IV, appellant asserts claims for personal and bodily injury based on principles of common law negligence.

{¶4} The trial court granted a motion to dismiss by the Stark County Dog Warden's Department based upon the fact that the Stark County Board of Commissioners, also a named party, was the proper party to the action. Appellees filed a motion to dismiss Counts I, II, and III, which the trial court denied. On August 7, 2013, appellant filed a motion for summary judgment and for declaratory judgment as to Counts I and II of her complaint. Appellant argued that there are no permissible defenses to liability in R.C. 955.28(B) other than what is specifically provided in the statute and thus sovereign immunity is not an exception to liability under R.C. 955.28(B). On August 14, 2013, the Board moved for summary judgment as to all counts of the complaint and appellees Tetreault and Jane Doe moved for summary judgment as to Counts I, II, and II of the complaint and partial summary judgment as to Count IV, except as it relates to bad faith, wanton, or reckless conduct. Appellees argued that R.C. 955.28(B) does not specifically impose liability on political subdivisions or their employees and thus they are immune from liability as the running of the dog pound is a governmental function.

{¶5} The trial court issued a judgment entry on September 24, 2013 and stated that there is no dispute that the Board is a political subdivision for purposes of R.C. 2744.02 or that holding dogs at the Stark County Dog Pound is a governmental function pursuant to R.C. 2744.02(A)(1). The trial court found R.C. 955.28(B) does not expressly impose liability on a political subdivision and thus the Board is immune from liability. Further, with regards to the individual employees, that R.C. 955.28(B) does not expressly impose liability on employees of a political subdivision to waive immunity pursuant to R.C. 2744.03(A)(6)(c). The trial court found appellant's argument as to the

strict liability of R.C. 955.28(B) to be without merit.  The trial court found there was a genuine issue of material fact with regard to whether Tetreault and Jane Doe acted with malicious purpose, bad faith, or in a wanton or reckless manner.  On February 10, 2014, appellant filed a motion to dismiss Count III, bad faith and wanton and/or reckless conduct, with prejudice.  The trial court granted the motion to dismiss on February 12, 2014.  Appellant appeals the September 24, 2013 judgment entry and assigns the following as error:

{¶6} "I. THE TRIAL COURT FAILED TO ADDRESS APPELLANT'S ARGUMENT THAT APPELLEES ARE STRICTLY LIABLE FOR MS. JAMISON'S INJURIES UNDER R.C. 955.28 AND ADDITIONALLY FAILED TO ADDRESS THE CONFLICT WHICH EXISTS BETWEEN R.C. 955.28 AND R.C. 2744.01 ET SEQ., PURSUANT TO THE UNCONTROVERTED FACTS OF THIS CASE.

{¶7} "II. THE TRIAL COURT FAILED TO RECOGNIZE THAT R.C. 955.28(B) CONSTITUTES AN EXCEPTION TO SOVEREIGN IMMUNITY UNDER R.C. 2744.03(A)(6)(C), WITH REGARD TO EMPLOYEES OF A POLITICAL SUBDIVISION."

*Summary Judgment*

{¶8}  Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No

evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶9} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶10} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review

the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I.

{¶12} Appellant first argues that the Board is strictly liable for her injuries pursuant to R.C. 955.28(B). Specifically, that the immunity in R.C. 2744 applies to "acts or omissions" of a political subdivision and since R.C. 955.28(B) is not based upon an "act or omission" and instead is based upon strict liability, R.C. 2744 immunity is not applicable. Appellant concludes that R.C. 2744 immunity applies only to negligent or intentional acts, but not strict liability statutes. We disagree.

{¶13} At common law, the keeper of a vicious dog could not be liable for personal injury caused by the dog unless the keeper knew of the dog's vicious propensities. *Beckett v. Warren*, 124 Ohio St.3d 256, 2010-Ohio-4, 921 N.E.2d 624. The strict liability statute of R.C. 955.28(B) "eliminated the necessity of pleading and

proving the keeper's knowledge of the dog's viciousness." *Id.* Consequently, in an action for damages under R.C. 955.28(B), the plaintiff must prove (1) ownership, keepership, or harborship of the dog; (2) proximate cause; and (3) damages. *Id.* The defendant's knowledge of the dog's viciousness and the defendant's negligence in keeping the dog are irrelevant in a statutory action." *Id.*

{¶14} R.C. 2744.02(A) provides that a political subdivision is "not liable in damages in a civil action for injury * * * to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." In this case, there is no dispute that the Board is a political subdivision or that the injury occurred in connection with a governmental function of the dog pound. Further, strict liability is "liability that does not depend on actual negligence or intent to harm, but that is based on the breach of an absolute duty to make something safe." *Black's Law Dictionary* (9th ed. 2009). Strict liability is also termed "liability without fault." *Sikora v. Wenzel*, 88 Ohio St.3d 493, 2000-Ohio-406, 727 N.E.2d 1277.

{¶15} The reference to an "act or omission" in R.C. 2744.02(A) does not summarily exclude all strict liability statutes from the general grant of immunity in R.C. 2744. While strict liability removes the necessity of proving the act or omission was negligent (i.e. fault) and, with regards to the dog bite statute, removes the necessity of proving the defendant's knowledge of a dog's viciousness, it does not remove the requirement that there must be an act or omission for liability to be imposed. As noted above, to succeed under R.C. 955.28(B), a plaintiff must still prove that the defendant kept, harbored, or owned the dog, which all constitute "actions." Further, a plaintiff must

also prove that the dog proximately caused the injuries.  Proximate cause is defined as "some reasonable connection between the act or omission of the defendant and the damage the plaintiff has suffered."  *R.H. Macy & Co. Inc. v. Otis Elevator Co.*, 51 Ohio St.3d 108, 554 N.E.2d 1313 (1990).  Accordingly, appellant's argument that there is no "act" or "omission" as required for R.C. 2744 immunity due to the strict liability of R.C. 955.28(B) is not well-taken.

{¶16}   In her first assignment of error, appellant also argues that R.C. 2744 and R.C. 955.28(B) cannot be reconciled and, when a conflict exists, the more specific statute of R.C. 955.28(B) is controlling.  We disagree.

{¶17}   "It is a well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522. R.C. 1.51 provides that when statutory provisions are in conflict, "they shall be construed, if possible, so that effect is given to both."  When construing a statute, the paramount concern is "the legislative intent in the statute's enactment, and to discern that intent, we read the words and phrases in context according to the rules of grammar and common usage."  *Wilson v. Kasichi*, 134 Ohio St.3d 221, 2012-Ohio-5367, 981 N.E.2d 814.

{¶18} R.C. 2744.02(A)(1) establishes a grant of general immunity to political subdivisions and R.C. 955.28(B) imposes strict liability on an owner, keeper, or harborer of a dog for an injury caused by the dog.  On their face, utilizing the common usages of the words and phrases in the two statutes, there is no conflict between R.C. 2744.02(A) and R.C. 955.28(B).  R.C. 2744.02(B)(5), also included in the Political Subdivision Tort

Liability Act, creates an exception to immunity "when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code." Thus, only when a statute imposing liability contains such an express imposition of liability on political subdivisions is it the "more specific" statute on the question of liability. R.C. 955.28(B) does not have any language expressly creating liability upon a political subdivision. *Perry v. City of East Cleveland*, 11th Dist. Lake No. 95-L-111, 1996 WL 200558 (Feb. 16, 1996). Accordingly, the statutory provisions can be construed together and read as an interrelated body of law, giving effect to both R.C. 2744 and R.C. 955.28.

{¶19} Based on the foregoing, appellant's first assignment of error is overruled.

II.

{¶20} Appellant argues the trial court erred in failing to recognize that R.C. 955.28(B) constitutes an exception to sovereign immunity under R.C. 2744.03(A)(6)(c) with regards to employees of a political subdivision. We disagree.

{¶21} R.C. 2744.03(A)(6) provides immunity to an employee of a political subdivision unless an exception found within R.C. 2744.03(A)(6)(a) through (c) applies. R.C. 2744.03(A)(6)(c) provides that an employee may be liable if "[l]iability is expressly imposed upon the employee by a section of the Revised Code." This language is identical to the language found in R.C. 2744.02(B)(5).

{¶22} When interpreting statutes, we must give words their ordinary and natural meaning unless a different interpretation appears in the statute. *Layman v. Woo*, 78 Ohio St.3d 485, 678 N.E.2d 1217 (1997). The ordinary meaning of the word "expressly" is "in direct or unmistakable terms; in an express manner; explicitly, definitely, directly." *Butler v. Jordan*, 92 Ohio St.3d 354, 2001-Ohio-204, 750 N.E.2d 554, quoting *Webster's*

*Third New International Dictionary* 803 (1986). A general imposition of liability is not sufficient to impose liability pursuant to R.C. 2744.03(A)(6)(c). *O'Toole v. Denihan,* 118 Ohio St.3d 374, 889 N.E.2d 505 (2008). The Ohio Supreme Court has held that the term "person" in a statute is too general to impose liability on an employee of a political subdivision whereas a statute imposing liability on a "home" when "home" was defined by the statute as specifically including homes run by the political subdivision and a statute expressly imposing liability on specific, named, county employees ("school teacher," "school employee," "school authority") with regards to reporting child abuse and neglect are sufficient to invoke the R.C. 2744.03(A)(6)(c) exception and impose liability on the employees of the political subdivision. *Id.*; *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9; *Campbell v. Burton*, 92 Ohio St.3d 336, 2001-Ohio-206, 750 N.E.2d 539. Words which refer to an entire class which may include employees of a political subdivision but do not expressly, explicitly, or directly reference employees of a political subdivision are not sufficient to expressly impose liability under R.C. 2744.03(A)(6)(c). *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9; *O'Toole v. Denihan,* 118 Ohio St.3d 374, 889 N.E.2d 505 (2008).

{¶23} In this case, R.C. 955.28(B) uses the words "keeper, owner, or harborer" without any reference to political subdivisions or their employees as the terms "keeper, owner, or harborer" are not defined anywhere in Revised Code Section 955, entitled "Dogs". There is no indication in the language of Revised Code Section 955.28 that the General Assembly has abrogated the immunity provided to employees of a political subdivision with an express imposition of liability. R.C. 955.28(B) does not

unmistakably, explicitly, or definitely state that an employee of a political subdivision is liable. Without any express imposition of liability, the R.C. 2744.03(A)(6)(c) exception is not triggered and appellees Tetreault and Jane Doe are entitled to immunity. Further, the primary case cited by appellant is factually distinguishable from the case at hand dealing with the operation of a dog pound as it arose in the context of the handling of a police K-9 dog at home with a deputy sheriff. *Hicks v. Allen*, 11th Dist. Ashtabula No. 2005-A-0002, 2007-Ohio-693.

{¶24} Accordingly, appellant's second assignment of error is overruled.

{¶25} Based on the forgoing, appellant's assignments of errors are overruled and the September 24, 2013 judgment entry of the Stark County Common Pleas Court is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur