OPINION
Plaintiff-appellant, Robert Trexler, Jr., appeals the trial court's decision granting the motion for summary judgment of defendants-appellees, R.M.D.M. Enterprises and The New Point Café. The trial court found that because appellant's injuries were the result of another party's intentional, criminal acts that occurred off the premises of the New Point Café, appellant has no cause of action against appellees under R.C. 4399.18. We agree.
During the evening hours of October 3, 1998, and the early morning hours of October 4, 1998, appellant was a patron at the New Point Café, a liquor establishment serving alcoholic beverages under a liquor permit held by R.M.D.M. Enterprises. Two other patrons were also at the New Point Café, Charles Lee King and Tammy McNicholson. A dispute apparently occurred between King and McNicholson that culminated in King pulling a knife on McNicholson. These events were apparently witnessed by the person in charge of the establishment, Sean Minshall, an employee of appellees, who in turn ordered both King and McNicholson out of the establishment. Accordingly, King left by way of the back door and McNicholson by way of the front door. Feeling that McNicholson was in some kind of danger, appellant, who had seen King pull a knife on McNicholson, accompanied her as she exited the front door. As they exited, King, who evidently drove around from the rear parking lot, met them in the vicinity of the front entrance, knife in hand and still in a confrontational mode. As McNicholson ran away, King turned to appellant who fled on foot with King in pursuit. Appellant ran across the parking lot and into an adjacent lot where a number of Ryder trucks were parked. King caught up with appellant between two of the trucks and stabbed him. King was subsequently convicted of felonious assault for stabbing appellant.
On October 4, 1999, appellant filed the instant action in the Franklin County Court of Common Pleas against appellees, R.M.D.M Enterprises and The New Point Café, as well as King, seeking damages for the injuries he suffered from the stabbing. On October 9, 1999, appellees answered, denying liability. King has not filed an answer in this case. On July 7, 2000, appellees moved for summary judgment, which the trial court granted on August 31, 2000. It is from this judgment that appellant filed this appeal asserting the following assignment of error:
 THE TRIAL COURT ERRED TO THE DETRIMENT OF PLAINTIFF BY CONSTRUING O.R.C. § 4399.18 AS REQUIRING THAT AN INTENTIONAL TORT BE COMMITTED STRICTLY UPON THE PREMISES OF THE LIQUOR PERMIT HOLDER, OR A PARKING AREA UNDER ITS CONTROL IN ORDER THAT LIABILITY UNDER THAT STATUTE BE APPLIED.
Preliminarily, as this matter arises out of the trial court's grant of summary judgment pursuant to Civ.R. 56, we review the trial court's determination independently, and without deference. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704. In conducting our review, we apply the same standard as the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103.
In accordance with Civ.R. 56, summary judgment may only be granted if, viewing the evidence most strongly in favor of the non-moving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record, which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986], 477 U.S. 317, approved and followed).
The question before us is whether the trial court correctly granted summary judgment to appellees because the injury resulted from an intentional tort that took place off its premises. Appellant argues that since the aggressive acts of King began on the parking lot in The New Point Café and proceeded uninterrupted to the adjacent lot where the stabbing occurred, the trial court erred in concluding that the injury occurred off the premises of appellees; thus summary judgment was inappropriate. On the other hand, appellees argue that the trial court correctly granted its motion for summary judgment based on the plain reading of R.C. 4399.18, which states in relevant part:
 [N]o person *** who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder or his employee who sold beer or intoxicating liquor to the intoxicated person unless the injury, death, or property damage occurred on the permit holder's premises or in a parking lot under his control and was proximately caused by the negligence of the permit holder or his employees.
The above quoted portion of R.C. 4399.18 addresses the intentional acts of the patron in the case at bar. The section of R.C. 4399.18 which applies to the negligent actions of an intoxicated patron for which, if there is proximate cause, may extend off premises, is not applicable unless there is proof that the owner or his employee knowingly sold intoxicating beverages to a noticeably intoxicated person. There is no proof of knowingly selling intoxicating beverages to King. In fact, no one noticed any evidence of intoxication at the time he was served, thus only the quoted part of R.C. 4399.18 is applicable.
Where the injury is caused by the intoxicated person and occurs on premises, including the bar's parking lot, a plaintiff must show that the injury was not only proximately caused by the person's intoxication, but also proximately caused by the negligence of the permit holder or his employees. An example of the latter is where the permit holder fails to provide adequate lighting in the parking lot of his or her establishment. Thus, the issues are first whether the injury was the result of an action of an intoxicated person proximately caused by the negligence of the permit holder or his employee, and second whether the injury occurred on the premises, including a parking lot under the control of the owner. There must be proof of both elements upon which reasonable minds can differ to avoid summary judgment.
There is sufficient proof to overcome summary judgment that the permit holder's employee served an intoxicated person (King) and the employee's negligence was a proximate result of appellant's injuries since arguably the police should have been called rather than simply ordering King and McNicholson out of the premises. While it is more likely that McNicholson would be injured, that negligence is arguably transferable to appellant as the exact injury need not be forecast to preclude liability.
The crucial issue is whether there is proof upon which reasonable minds can differ that the injury of appellant occurred on the permit holder's premises or in a parking lot under the permit holder's control. There is no extension of liability to an injury occurring elsewhere, even if the impetus or motivation commenced on appellees' premises or parking lot. No harm contemplated within the statute occurred to appellant on the premises. R.C. 4399.18 requires that there be an injury, death, or property damage caused by the intoxicated patron in a parking lot under the control of the permit holder. It allows no ambiguity in this respect.
"[U]nless a different intention appears in the statute, words in the statute shall be construed in their ordinary and natural meaning to effectuate the intent of the legislature." Layman v. Woo (1997),78 Ohio St.3d 485, 487. The intention of the legislature appears clear. A permit holder's liability for intentional criminal acts ends where his control ends. This intention is especially clear since off-premises liability for knowingly serving a noticeably intoxicated patron is limited to negligent conduct by the patron and does not apply to intentional misconduct.
The injury caused to appellant occurred in another parking lot. Liability of the permit holder herein stopped once appellant left the parking lot. Of course the liability of the actual assailant (King) remains, but that of the permit holder has ceased. This case is different only in degree, not result, of the situation where an intoxicated person follows a person home from a bar and intentionally injures them five minutes later on the highway.
Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
 _________________________ McCORMAC, J.
TYACK and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.