[Cite as *Alden v. Dorn*, 2016-Ohio-554.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| JARRED ALDEN, et al. | C.A. No. 27878 |
| | |
| Appellants | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| DALE DORN, et al. | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CV 2014-07-3473 |

DECISION AND JOURNAL ENTRY

Dated: February 17, 2016

SCHAFER, Judge.

{¶1} Plaintiffs-Appellants, Jarred and Sarah Alden ("Appellants"), appeal the judgment of the Summit County Court of Common Pleas denying their motion for summary judgment and granting the summary judgment motion of Defendants-Appellees, Sergeant Dale Dorn, Police Chief James Nice, and the City of Akron Police Department ("Appellees"). For the reasons set forth below, we affirm.

I.

{¶2} Sergeant Dale Dorn of the Akron Police Department and his wife hosted a cookout party at their home. Appellants and their two minor children, B.A. and E.A., attended the cookout for most of the day. At that time, Sgt. Dorn was the canine commander of the Akron Police Department K-9 Unit and he kept one the City's police dogs, a German Shepard named Gunny, at his house.

{¶3} Appellants were sitting on the home's backyard patio with Sgt. Dorn and his wife while Sgt. Dorn played fetch with Gunny. Eventually, Sgt. Dorn stopped playing fetch and ordered Gunny to lie down near his chair on the patio. At the precise moment that Gunny laid down, B.A. walked onto the patio. Gunny then suddenly jumped on B.A. and knocked him to the ground, where he proceeded to bite the back of B.A.'s head and left arm. This incident lasted a matter of seconds before Sgt. Dorn separated Gunny from the child and carried the dog to his kennel. Appellants immediately attended to B.A.'s wounds in the kitchen before Sgt. Dorn drove B.A. and Mr. Alden to the hospital, where B.A. was treated with 16 stiches.

{¶4} Appellants filed a complaint against Appellees in the Summit County Court of Common Pleas wherein they asserted four claims: strict liability under R.C. 955.28(B), negligence, loss of consortium, and negligent infliction of emotional distress. The Appellees sued Sgt. Dorn and Police Chief James Nice in their official and individual capacities. At the close of discovery, Appellants filed a motion for summary judgment. Appellees responded in opposition to Appellants' summary judgment motion, arguing that they are entitled to statutory immunity.[1] Appellees also separately moved the trial court for summary judgment with regard to Appellants' four claims. Appellants did not file a response to Appellees' motion. The trial court ultimately denied Appellants' motion for summary judgment, but granted Appellees' motion for summary judgment on the basis of statutory immunity.[2]

{¶5} Appellants filed a timely appeal, raising one assignment of error for our review.

---

[1] Appellees argue that Sgt. Dorn and Chief Nice are both entitled to immunity from liability in their official capacities pursuant to R.C. 2744.02(A). Alternatively, Appellees argue that Sgt. Dorn and Chief Nice are entitled to immunity from liability in their individual capacities under R.C. 2744.03(A)(6).

[2] The trial court's judgment entry granting summary judgment in favor of Appellees does not specify whether Sgt. Dorn and Chief Nice are entitled to immunity from liability in their official or individual capacities.

II.

**Assignment of Error**

**The trial court committed error in granting the motion for summary judgment of Appellees and in denying the motion for summary judgment of Appellants, meriting reversal.**

{¶6} In their sole assignment of error, Appellants argue that the trial court erred by denying their motion for summary judgment and by granting Appellees' motion for summary judgment. We disagree.

{¶7} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶8} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to

be litigated for trial. *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 449 (1996). Here, both parties agree that no factual disputes exist in this matter. As such, the sole issue before this Court is whether Appellees were entitled to immunity from liability. This question is resolved simply by applying existing case law to the facts of the instant case.

{¶9} R.C. 2744.03(A)(6) provides immunity for employees of political subdivisions, and it pertinently provides as follows:

> In a civil action brought against * * * an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, * * * the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
>
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

{¶10} After carefully reviewing the record, we determine that Appellees met their initial burden of demonstrating that no genuine issue of material fact exists in this matter and that they are entitled to judgment as a matter of law. In their motion for summary judgment, Appellees cite to evidence within the record demonstrating that they were employed by a political subdivision on July 4, 2010 and that Sgt. Dorn was training and harboring Gunny on the day in question pursuant to City of Akron policy. As these facts are not in dispute, Appellees argue in their motion for summary judgment that they are entitled to immunity as a matter of law.

{¶11} We further determine that Appellants have failed to meet their reciprocal burden in this matter. Appellants have failed to articulate how any of the exceptions to R.C. 2744.03(A)(6)'s grant of immunity to political subdivision employees are applicable in this case. While Appellants argue that R.C. 955.28(B)'s imposition of strict liability on any individual who owns, keeps, or harbors a dog that causes injury to another takes Appellees' actions in this matter outside the scope of R.C. 2744.03(A)(6)'s protection, "R.C. 955.28(B) does not have any language expressly creating liability upon a political subdivision." *Jamison v. Stark Cty. Bd. of Commrs.*, 5th Dist. Stark No. 2014CA00044, 2014-Ohio-4906, ¶ 18, citing *Perry v. East Cleveland*, 11th Dist. Lake No. 95-L-111, 1996 WL 200558 (Feb. 16, 1996). Thus, because R.C. 955.28(B) does not expressly impose civil liability upon political subdivisions, Appellants' reliance upon this statute is misplaced. Moreover, Appellants have not developed any argument that Appellees' actions in this matter satisfied the other exceptions listed in R.C. 2744.03(A)(6), and we decline to develop an argument on their behalf. *See* App.R. 16(A)(7).

{¶12} In light of the foregoing, we conclude that the trial court did not err in granting summary judgment in favor of Appellees on all four of Appellants' claims. Accordingly, Appellants' assignment of error is overruled.

III.

{¶13} Appellants' sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

6

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

EDDIE SIPPLEN, Attorney at Law, for Appellants.

EVE V. BELFANCE, Director of Law, and JOHN CHRISTOPHER REECE and MICHAEL J. DEFIBAUGH, Assistant Directors of Law, for Appellee.