[Cite as *Tasse v. Marsalek*, 2020-Ohio-5084.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CATHERINE TASSE, ET AL., :

    Plaintiffs-Appellees, :

                                      No. 109113

    v. :

DANIEL F. MARSALEK, :
AS ADMINISTRATOR, ET AL.,

    Defendants-Appellants. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 29, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-917883

---

### *Appearances:*

The Chamberlain Law Firm Co., L.P.A., and Henry W. Chamberlain, *for appellees.*

Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich, Frank H. Scialdone, and Terence L. Williams, *for appellants.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendants-appellants the city of Rocky River ("Rocky River") and Rocky River Animal Control Officer Michael Brooks Jarvis ("Jarvis") (collectively,

"Appellants") appeal from the trial court's denial of their motion to dismiss plaintiffs-appellees' complaint. For the reasons that follow, we reverse.

**Procedural and Substantive History**

{¶ 2} On July 9, 2019, plaintiffs-appellees Catherine Tasse ("Tasse") and Jeffrey Tasse (collectively, "Appellees") filed a complaint against Rocky River, Jarvis, and Daniel F. Marsalek, individually and as Administrator of the Estate of Daniel E. Marsalek.[1] Appellees brought claims for negligence, reckless misconduct, and loss of consortium.

{¶ 3} On the evening of August 13, 2017, Appellees were returning their boat to its dock when the boat stalled, forcing Appellees to tie up in the Rocky River inlet adjacent to Marsalek's property at 269 Yacht Club Drive, Rocky River, Ohio. After tying up the boat, Tasse approached the Marsalek's back door to notify him of their presence. When Tasse approached the home, Marsalek's dog attacked her. Tasse alleged that she suffered severe injuries as a result of the attack.

{¶ 4} On August 28, 2019, Appellants filed a motion to dismiss Appellees' complaint for failing to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Appellants argued that they were immune from liability pursuant to R.C. Chapter 2744.

{¶ 5} On September 16, 2019, Appellees filed a brief in opposition to Appellants' motion to dismiss, arguing that they were not immune because

---

[1] Marsalek is not a party to this appeal.

R.C. 2744.03(A)(6)(b) provides an exception to immunity where an employee's actions or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 6} On October 2, 2019, the trial court denied Appellants' motion to dismiss. In its journal entry, the trial court stated, in relevant part:

> Plaintiff has alleged with sufficient particularity a set of facts where a question of fact exists whether the Rocky River [sic] and the dog warden Michael Brooks Jarvis behaved in a willful, wanton, or reckless manner in failing to deem the Marselek [sic] dog a vicious dog and requiring it to be in a pen per state law after the defendants' knowledge of prior bite history.

Rocky River and Jarvis appealed, presenting two assignments of error for our review.

**Law and Analysis**

{¶ 7} In their first assignment of error, Appellants argue that the trial court erred by denying Rocky River's motion to dismiss because it is immune under Chapter 2744 of the Revised Code. In their second assignment of error, they argue that the trial court erred by denying Jarvis's motion to dismiss because he is also immune under Chapter 2744 of the Revised Code. In denying the motion to dismiss, the trial court did not distinguish between Rocky River and Jarvis.

{¶ 8} We apply a de novo standard of review to a decision on a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Caraballo v. Cleveland Metro. School Dist.*, 8th Dist. Cuyahoga No. 99616, 2013-Ohio-4919, ¶ 6, citing *Perrysburg Twp. v. Rossford*, 103 Ohio

St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136. Therefore, we independently review the record and afford no deference to the trial court's decision. *Id.*, citing *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

{¶ 9} For a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). In reviewing a Civ.R. 12(B)(6) motion to dismiss, a court's factual review is confined to the four corners of the complaint. *Grady v. Lenders Interactive Servs.*, 8th Dist. Cuyahoga No. 83966, 2004-Ohio-4239, ¶ 6.

{¶ 10} Here, the motion to dismiss was based on political subdivision immunity pursuant to R.C. Chapter 2744. We will first address whether Rocky River, as a political subdivision, is immune from liability.

## I. Political Subdivision Immunity

{¶ 11} The determination of whether a political subdivision is entitled to immunity involves a three-tier analysis. *Hunt v. Cleveland*, 8th Dist. Cuyahoga No. 103468, 2016-Ohio-3176, ¶ 14, citing *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, ¶ 10. First, R.C. 2744.02(A)(1) provides a general grant of immunity to political subdivisions, stating that they are

not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. 2744.02(A)(1). To overcome this broad grant of immunity, a plaintiff must show that one of the exceptions in R.C. Chapter 2744.02(B) applies. *Id.* If no exception applies, the political subdivision is immune from liability. If an exception applies, the burden shifts back to the political subdivision to demonstrate that one of the defenses in R.C. 2744.03 applies.

{¶ 12} Here, there is no dispute that the city of Rocky River is a "political subdivision" pursuant to R.C. 2744.02(A)(1). Therefore, our analysis for the first assignment of error begins with the second tier of the three-tier analysis and requires us to determine whether Appellees have established that an exception to immunity applies.

{¶ 13} R.C. 2744.02(B) provides the following enumerated exceptions to immunity:

(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. * * *

(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts

by their employees with respect to proprietary functions of the political subdivisions.

(3) Except as provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *.

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility * * *.

(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

R.C. 2744.02(B).

{¶ 14} In light of the presumption of broad immunity for political subdivisions, the statute does not place the burden on the political subdivision to demonstrate that no exceptions apply; "rather, once the first tier has been met, the plaintiff must demonstrate one of the statutorily defined exceptions apply in order to proceed." *Sims v. Cleveland*, 8th Dist. Cuyahoga No. 92680, 2009-Ohio-4722,

¶ 15, citing *Walsh v. Mayfield*, 8th Dist. Cuyahoga No. 92309, 2009-Ohio-2377, ¶ 12.

{¶ 15} In denying the motion to dismiss in this case, the trial court did not point to a particular exception in R.C. 2744.02(B). Rather, the court stated:

> Plaintiff has alleged with sufficient particularity a set of facts where a question exists whether the Rocky River [sic] and the dog warden Michael Brooks Jarvis behaved in a willful, wanton, or reckless manner in failing to deem the Marselek [sic] dog a vicious dog and requiring it to be in a pen per state law after the defendants' knowledge of prior bite history. The court finds the complaint alleges sufficient facts where a question of fact exists whether or not defendants failure to classify the dog, with a prior bite history, a vicious dog and enforce Ohio statute requiring the dog to be properly secured constitute willful, wanton, or reckless behavior.

{¶ 16} We note that none of the language in this journal entry corresponds to any of the enumerated exceptions in R.C. 2744.02(B).

{¶ 17} Appellees likewise argue that Appellants are not immune because there are questions of fact surrounding Jarvis's willful, wanton, and reckless behavior in enforcing Rocky River's "dangerous dog" ordinance ("the ordinance" or "the Rocky River ordinance"). Appellees also assert that the trial court's denial of the motion to dismiss was appropriate because the ordinance conflicted with state law.

{¶ 18} To support their first argument, Appellees rely almost exclusively on an Eleventh District case, *Perry v. E. Cleveland*, 11th Dist. Lake No. 95-L-111, 1996 Ohio App. LEXIS 507 (Feb. 16, 1996). In *Perry*, the court quotes R.C. Chapter 2744 of the Revised Code at length. Referring to the conduct at issue, the court stated:

> If governmental, and not subject to one of the exceptions enumerated in R.C. 2744.02(B), the political subdivision may only liable for an act or omission of an employee involved in a resource allocation judgment decision which was malicious, in bad faith, wanton or reckless. If proprietary, the governmental body may be liable for a negligent act or nonact unless the act (1) involved the necessary or essential exercise of it [sic] powers; (2) was within the discretionary policy-making powers of the employee; or (3) was within the resource allocation powers of the employee unless the decision was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

*Id.* at 8. Because Appellees rely on this passage without a full appreciation of its statutory context, and *Perry* itself presents a somewhat distorted interpretation of the law, their reliance on *Perry* is misplaced.

{¶ 19} Notably, the first sentence in the foregoing passage does not contain a citation to any part of Chapter 2744 of the Revised Code or corresponding case law. Contrary to this statement from *Perry*, if a governmental function is not subject to one of the exceptions in R.C. 2744.02(B), a political subdivision will be immune for negligence related to that governmental function. The court appears to be referring to the discretionary immunity defense found in R.C. 2744.03(A)(5), which provides:

> The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 20} It is well-established that the defenses in R.C. 2744.03 are only relevant if a plaintiff has established that one of the exceptions to immunity laid out in R.C. 2744.02(B)(1) through (5) applies to the conduct at issue. *Nelson v.*

*Cleveland*, 8th Dist. Cuyahoga No. 98548, 2013-Ohio-493, ¶ 14; *Feitshans v. Darke Cty.*, 116 Ohio App.3d 14, 22, 686 N.E.2d 536 (2d Dist.1996); *Grooms v. Crawford*, 12th Dist. Brown Nos. CA2005-05-008, CA2005-05-009, and 2005-Ohio-7028, ¶ 13; *Walker v. Jefferson Cty.*, 7th Dist. Jefferson No. 02 JE 14, 2003-Ohio-3490, ¶ 25. Finding that an exception to a defense to an exception of immunity constitutes an independent basis for political subdivision liability would undermine the three-tiered analysis discussed above and upend the statutory framework of the Political Subdivision Tort Liability Act. We decline to do so here. Moreover, even if the defenses and immunities in R.C. 2744.03(A) were relevant here, it is unclear why 2744.03(A)(5) discretionary immunity would be relevant, because the conduct here did not involve discretionary acquisition or use of resources as laid out in that subsection.

**{¶ 21}** The second sentence in the *Perry* passage likewise appears to refer to R.C. 2744.03(A)(2), (3), and (5). Again, none of these are relevant unless a plaintiff has established that an R.C. 2744.02(B) exception applies. *Perry*, 11th Dist. Lake No. 95-L-111, 1996 Ohio App. LEXIS 507, at 8.

**{¶ 22}** Beyond this misguided reliance on *Perry*, Appellees do not explicitly argue that any of the R.C. 2744.02(B) exceptions apply to Rocky River.

**{¶ 23}** Appellees do, however, argue that Rocky River should not be immune here because its former local ordinance conflicted with state law. R.C. 955.221(3) provides that a municipal corporation may adopt and enforce ordinances to control dogs that are not otherwise in conflict with any other provision of the Revised Code.

With respect to the confinement and restraint of dangerous dogs, R.C. 955.22 provides:

> Except when a dangerous dog is lawfully engaged in hunting or training for the purpose of hunting and is accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of a dangerous dog shall fail to do either of the following: (1) While that dog is on the premises of the owner, keeper, or harborer, securely confine it at all times in a locked pen that has a top, locked fenced yard, or other locked enclosure that has a top.

R.C. 955.22(D).

{¶ 24} At the time of the incident in this case, Rocky River had an ordinance in place defining a "dangerous dog" in relevant part as follows:

> a dog that, without provocation, has chased or approached in either a menacing fashion or an apparent attitude of attack, or has attempted to bite or otherwise endanger any person, or bites or causes physical harm to another dog or kills another companion animal * * * while that dog is off the premises of its owner, keeper or harborer and not under the reasonable control of its owner, keeper, harborer, or some other responsible person.

Former Rocky River Codified Ordinances 505.11. Although Marsalek's dog had bitten another individual several months before biting Tasse in this case, neither Rocky River nor Jarvis had deemed the dog a dangerous dog because this incident did not happen "off the premises of its owner" as described in the statute. In the absence of such a determination, Marsalek had not been instructed to keep the dog restrained in accordance with R.C. 955.22(D).

{¶ 25} Appellees also point out that R.C. 955.22(C) provides that "no person shall violate any resolution or Ordinance adopted under this Section[,]" including R.C. 955.22(D). Appellees stress that Rocky River's ordinance, which has since been

repealed, conflicted with state law. However, Rocky River's repealing of the ordinance does not remove immunity in this case.

{¶ 26} Appellees are effectively arguing that a violation of state law directly amounts to liability. Whether the former local ordinance conflicted with a state statute is outside the scope of this appeal. Even if the local ordinance in place at the time of the incident in this case conflicted with a state statute, Appellees have not presented a compelling argument that any statute or case law instructs us to find that this conflict operates as an exception to the broad immunity laid out in Chapter 2744 of the Revised Code.

{¶ 27} R.C. 2744.02(B)(5) provides an exception to political subdivision immunity when civil liability is expressly imposed upon the political subdivision by statute. While Appellees appear to assert that the alleged violation of R.C. 955.22 was itself negligence, they do not articulate how Rocky River could be liable for such negligence.

{¶ 28} Further, Ohio courts have held that Chapter 955 of the Revised Code does not impose express liability on political subdivisions as required to provide an exception to immunity pursuant to R.C. 2744.02(B)(5). *T.B.Y. v. Martins Ferry*, 2016-Ohio-8482, 78 N.E.3d 242, ¶ 50 (7th Dist.), citing *Alden v. Dorn*, 9th Dist. Summit No. 27878, 2016-Ohio-554, ¶ 11. *T.B.Y.* involved R.C. 955.28(B), Ohio's dog bite statute. The court reasoned that even though the statute did expressly create liability for the "owner, keeper, or harborer of a dog" for damages caused by the dog,

this was not sufficient to satisfy the strict standard required by R.C. 2744.02(B)(5) because it did not contain any reference to political subdivisions or their employees.

{¶ 29} Although Appellees refer to Ohio's dangerous dog statute, rather than the dog bite statute, the same reasoning applies here. R.C. 955.22 refers to the "owner, keeper, harborer, or handler" of a dangerous dog. The statute also refers to duties of county dog wardens. In response to Appellees' argument regarding violation of R.C. 955.22, Appellants argue that they cannot be held liable on that basis because the statute does not apply to Rocky River or to Jarvis. They argue that because Jarvis is a city animal control officer, and not a county animal control officer, the statute does not apply to him.

{¶ 30} Regardless of whether Chapter 955 is referring to city animal control officers, county animal control officers, or both categories of officials, the statute does not expressly impose liability on the City or Jarvis. The statute may very well "apply" to Jarvis and to Rocky River, to the extent that it governs the control of animals. It may even impose duties on them. This is insufficient, however, to provide an exception to political subdivision immunity. Civil liability shall not be construed to exist under a Revised Code section for purposes of R.C. 2744.02(B)(5) "merely because that section imposes a responsibility or mandatory duty upon a political subdivision," or even because of a general authorization that a political subdivision may be sued. *Pavlik v. Cleveland*, 8th Dist. Cuyahoga No. 92176, 2009-Ohio-3073, ¶ 24, citing R.C. 2744.02(B)(5).

{¶ 31} Further, while Appellees generally imply that liability is appropriate here because of R.C. 955.22, they fail to allege, either in their complaint or any pleading to the trial court or in their brief on appeal, that R.C. 955.22 expressly imposes liability on either defendant in this case. Therefore, Appellees have failed to plead facts sufficient to assert than an exception to immunity applies here. Appellants' first assignment of error is sustained.

## II. Employee Immunity

{¶ 32} In their second assignment of error, Appellants argue that the trial court erred in denying Jarvis's motion to dismiss because he is immune under R.C. 2744.03(A)(6). As discussed above, there is no dispute that Rocky River is a political subdivision or that Jarvis was a Rocky River employee at the time of the underlying incident in this case.

{¶ 33} For individual employees, the immunity analysis requires an evaluation of R.C. 2744.03(A)(6) rather than the three-tiered analysis described above. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 36. R.C. 2744.03(A)(6) provides that a political subdivision employee is immune from liability unless one of the following applies:

> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in wanton or reckless manner;
>
> (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under

another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

{¶ 34} Appellees have not alleged that Jarvis's conduct was manifestly outside the scope of his employment. Appellees alleged that Jarvis willfully, wantonly, or recklessly failed to require Marsalek to confine his dog in accordance with R.C. 955.22.

{¶ 35} The Ohio Supreme Court has determined that showing recklessness in this context is subject to a high standard and defines "reckless" as "'knowing or having reason to know of fact which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" *Rankin* at ¶ 37, quoting *Cater v. Cleveland*, 83 Ohio St.3d 24, 33, 697 N.E.2d 610 (1998). "Distilled to its essence, and in the context of R.C. 2744.03(A)(6)(b), recklessness is a perverse disregard of a known risk." *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 73. The court further explained:

> Recklessness, therefore, necessarily requires something more than mere negligence. *Farey*, 70 Ohio St.3d at 356, 639 N.E.2d 31. In fact, "the actor must be conscious that his conduct will in all probability result in injury." *Id.*

*O'Toole* at ¶ 74; *see also Elam v. Emp. & Family Servs.*, 8th Dist. Cuyahoga No. 98323, 2012-Ohio-5076, ¶ 19 ("such perversity must be under such conditions that

the actor must be conscious that his conduct will in all probability result in injury."). Wanton misconduct refers to a failure to exercise any care whatsoever. *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994).

{¶ 36} Appellees argue that Jarvis was reckless because he knowingly enforced the Rocky River ordinance, which conflicted with state law, and therefore allowed a dangerous dog to exist outside of homes not properly penned. In other words, because Jarvis's interpretation of the Rocky River ordinance clearly violated state law, according to Appellees, this enforcement amounted to recklessness. To the extent that Appellees are arguing that either the R.C. 2744.03(A)(6)(b) or (c) exceptions to immunity applies here, we disagree.

{¶ 37} Our de novo review of the four corners of the complaint does not reveal the existence of facts to remove immunity granted to Jarvis; specifically, that Jarvis acted in a "willful/wanton/reckless" manner by not enforcing the state statute and declaring the dog a "dangerous dog." The Rocky River ordinance limited the definition of "dangerous dog" to one that without provocation has attacked or attempted to attack a person off the premises of its owner. Nothing in the record indicates that the Marsalek dog satisfied the "dangerous dog" definition in the Rocky River ordinance. Appellees allege that Jarvis knew the dog at issue "was vicious and dangerous" because it had previously bit another person and therefore acted "willfully, and/or wantonly and/or recklessly" by failing to require the dog owner to "keep his dog inside or confined outside in a pen as required by Ohio law." Yet, nothing in the record indicates that Jarvis acted with a "perverse disregard" or

"consciousness" that his enforcement of the Rocky River ordinance would in all probability result in injury. Rather, no facts exist that Jarvis was even aware of the alleged conflict between the local ordinance and state statute prior to the incident in this case. To defeat immunity, appellees must allege facts to demonstrate a "consciousness" on the part of Jarvis that his conduct would "in all probability result in injury." Jarvis's conduct in following the local ordinance regarding a dangerous dog, without more, does not demonstrate a "consciousness" that doing so would "in all probability result in injury"; neither does it reflect "a perverse disregard of a known risk." Thus, a Civ.R. 12(B)(6) dismissal is proper because insufficient facts exist to show that Jarvis's actions enforcing the local ordinance rose to the level of "recklessness" required to defeat immunity enjoyed by a political subdivision employee under Chapter 2744 of the Ohio Revised Code.

{¶ 38} Appellees again cite to R.C. 955.221(C), which provides that "no person shall violate any resolution or ordinance adopted under this section." As we concluded in our analysis of this issue with respect to Rocky River's immunity, the existence of this statute does not itself constitute an imposition of liability. Although R.C. 2744.03(A)(6)(c) provides an exception to employee immunity where a separate statute imposes civil liability, this exception is subject to the same restrictions as the similar exception to immunity found in R.C 2744.02(B)(5). While R.C. 955.22 imposes strict liability on the owner, keeper, or harborer of a dangerous dog, it does not expressly impose civil liability on an animal control officer. *Jamison v. Bd. of Stark Cty. Commrs.*, 5th Dist. Stark No. 2014CA00044, 2014-Ohio-4906,

¶ 23.  Therefore, neither R.C. 955.221(C) nor 955.22 can operate here to satisfy the civil liability immunity exception for employees.

{¶ 39} Because Appellees have not established that an exception to employee immunity applies here, Jarvis is entitled to immunity from their negligence claims. Therefore, Appellants' second assignment of error is sustained.

{¶ 40} Judgment is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR